IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMELI T. YOUSIF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   21 C 1302 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Semeli T. Yousif brings a four-count complaint against defendant the State of Illinois, alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq., retaliation in violation of the ADA, 42 U.S.C. § 12203, retaliatory "failure to recall to work" in violation of the Illinois Workers Compensation Act ("IWCA"), 820 ILCS § 305(4)(h), and common law, and retaliation in violation of the Ethics Act, 5 ILCS § 430/15-10.   Defendant has moved to dismiss all counts.   (Doc. 7).   For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

Plaintiff alleges that defendant hired plaintiff as a Juvenile Justice Specialist in Illinois' Department of Juvenile Justice ("IDJJ") in September 2013.   On August 16, 2014, plaintiff sustained injuries to her head, neck, and back in an accident at work.   Plaintiff alleges that she complied with all of Illinois' work accident and injury reporting procedures.   Several days later, plaintiff began working in a light duty position.   According to plaintiff's complaint, defendant removed plaintiff from her light duty position on November 25, 2014.   Plaintiff further alleges

that defendant terminated her workers' compensation benefits, ceased paying plaintiff's temporary total disability, and refused to pay benefits under the IWCA.

On December 7, 2015, plaintiff returned to work with medical restrictions in a light duty position. The next day, plaintiff allegedly sustained injuries to her head, neck, and back in another accident at work. Plaintiff again alleges that she fully complied with Illinois's work accident and injury reporting procedures. On March 7, 2016, defendant removed plaintiff from her light duty position. Plaintiff alleges that, in December 2017, defendant again terminated plaintiff's workers' compensation benefits, ceased paying her temporary total disability, and refused to pay benefits under the IWCA.

Plaintiff's complaint documents many communications between plaintiff, her supervisor, and IDJJ's Human Resources department. Plaintiff further alleges that defendant failed to engage in the ADA's interactive process, failed to return plaintiff to work or reassign her to open positions, and retaliated against plaintiff when she notified defendant that it was violating the ADA.

## **DISCUSSION**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially

plausible. Aschroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Defendant moves to dismiss, arguing that plaintiff's complaint should be dismissed in its entirety because the State of Illinois is not plaintiff's employer and is otherwise entitled to sovereign immunity. "[C]ourts routinely dismiss defendants or claims as a matter of law where a plaintiff fails to allege facts that plausibly show that the defendant in question constitutes an employer under the ADA, the ADEA, and Title VII." Mehrberg v. Illinois, 2018 WL 6790488, at *2 (N.D. Ill. Dec. 26, 2018) (dismissing the State of Illinois from ADA, ADEA, and Title VII claims because it was not plaintiff's employer); see also Hearne v. Bd. of Edu. of the City of Chi., 185 F.3d 770, 777 (7th Cir. 1999) (holding that Chicago teachers employed by the local school board could not sue the Governor, the State of Illinois, or the Illinois Educational Labor Relations Board under Title VII because none was plaintiffs' employer).

Defendant asserts that as a matter of law it cannot be plaintiff's employer because Seventh Circuit precedent defines a state employee's employer as the specific agency for which she works, and not the state. In Hearne v. Board of Education of the City of Chicago, the Seventh Circuit addressed whether the State of Illinois, the Governor of Illinois, and the Illinois Educational Labor Relations Board were the employers of a group of Chicago teachers and staff in a Title VII case. 185 F.3d 770, 777 (7th Cir. 1999). In affirming the dismissal of the State, the Governor, and the Board, the Seventh Circuit held that in Title VII cases against state entities, the term "employer" means the "particular agency or part of the state apparatus that has actual hiring and firing responsibility." Id. Because neither the State, the Governor, nor the Board met that criteria, the claims against them could not proceed. Id. The Seventh Circuit

3

reiterated this holding in Holman v. Indiana, 211 F.3d 399, 400 n.1 (7th Cir. 2000). In Holman, the Seventh Circuit held that the plaintiffs could not maintain their Title VII claims against the State of Indiana because the co-defendant, the Indiana Department of Transportation, had the "actual hiring and firing responsibility." Id.[1]

As plaintiff notes in her response brief and sur-reply brief, the Seventh Circuit appears to have called this precedent into question. In a non-dispositive portion of Tibbs v. Administrative Office of the Illinois Courts, the court described Holman's distinction between states and their agencies as dicta. 860 F.3d 502, 508 (7th Cir. 2017). As the court explained, Hearne "distinguished between local and State government entities, not the much finer difference between a State and its agencies." Id. at 508. While the Tibbs court declined to further address the issue because it had already decided the case on other grounds, the court expressed its hope that "plaintiffs, defendants, and district courts might handle such issues about State agency employees so that such technicalities will seldom if ever be decisive." Id.

Nonetheless, Tibbs did not overrule Hearne and Holman, and district courts still apply Hearne and Holman to distinguish between a state and its agencies for ADA, ADEA, and Title VII purposes. See, e.g., Merhberg, 2018 WL 6790488, at *3; Travis v. Illinois Department of Corrections, 2019 WL 2576545, at *2 (N.D. Ill. June 24, 2019); DaSilva v. Indiana, 2020 WL 994847, at *9 (S.D. Ind. Mar. 2, 2020). The court thus concludes that plaintiff cannot state a claim under the ADA against defendant as a matter of law. Although plaintiff alleges that the

---

[1] Because the ADA, ADEA, and Title VII use a nearly identical definition of the term "employer," courts have routinely applied Hearne and Holman to claims arising under all three statutes. See E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280 (7th Cir. 1995) (ADA and Title VII use same definition of employer); Mehrberg, 2018 WL 6790488, at *3 (applying Hearne and Holman to claims arising under the ADA, ADEA, and Title VII because the definition of employer is the same); Pisoni v. Illinois, 2013 WL 2458522, at *4 (S.D. Ill. June 6, 2013) (concluding that the State of Illinois was not an "employer" under the ADEA and dismissing the state as a defendant).

State hired her and that the State is her actual employer, her complaint also states that her positions were with the IDJJ, she submitted forms and requests to the IDJJ's human resources department, and many of her communications were with IDJJ staff and supervisors. While the court must accept as true the facts alleged in the complaint and draw all inferences in favor of plaintiff, the court finds it implausible that the State, rather than the IDJJ, was plaintiff's employer with hiring and firing responsibility.[2]

Having determined that defendant should be dismissed, the court declines to address defendant's arguments regarding sovereign immunity.

## **CONCLUSION**

For these reasons, defendant's motion to dismiss [Doc. 7] is granted. Defendant is dismissed from the suit. Plaintiff is granted leave to file an amended complaint naming the proper defendant on or before September 8, 2021.

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE:** **August 24, 2021**

---

[2] Plaintiff's IWCA and Ethics Act claims are dismissed for the same reasons discussed above: plaintiff cannot show an employment relationship with the State of Illinois, as opposed to her employing agency. See Taffe v. Ill. Dep't of Employment Sec., 229 F.Supp.2d 858, 872 (N.D. Ill. 2002); Carter v. Ill. Gaming Bd., 2020 WL 1639914, at *6 (N.D. Ill. Apr. 2, 2020).