IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMELI T. YOUSIF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 1302 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| | ) | |
| ILLINOIS DEPARTMENT OF JUVEILE | ) | |
| JUSTICE, ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| ILLINOIS COMMERCE COMMISION, ILLINOIS | ) | |
| CRIMINAL JUSTICE INFORMATION | ) | |
| AUTHORITY, AND ILLINOIS DEPARTMENT | ) | |
| OF LABOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 10, 2021, plaintiff filed a four-count complaint against the State of Illinois, alleging that she faced disability discrimination during her employment with the Illinois Department of Juvenile Justice ("IDJJ"). The court dismissed the complaint, finding it "implausible that the State, rather than the IDJJ, was plaintiff's employer with hiring and firing responsibility." (Doc. 20). Rather than following the court's guidance on the relevant entity to be sued, plaintiff filed a second amended complaint that takes the kitchen-sink approach—bringing six counts against seven state agencies.[1] Plaintiff's second amended complaint alleges as follows: disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., against Defendants IDJJ and Illinois Department of Central

---

[1] Plaintiff filed an amended complaint on September 22, 2021. (Doc. 24). The next day, plaintiff filed a second amended complaint. (Doc. 25). The court considers the second amended complaint to be the operative complaint.

Management Services ("CMS") (Counts I and III, respectively); disability discrimination and retaliation under the Rehabilitation Act, 29 U.S.C. § 794, against defendants Illinois Department of Corrections ("IDOC"), Illinois Department of Revenue ("IDOR"), CMS, Illinois Commerce Commission ("ICC"), ICJIA, and Illinois Department of Labor ("IDOL") (Counts II and IV, respectively); common law retaliation and retaliation under the Illinois Workers Compensation Act ("IWCA"), 820 ILCS § 305/1 et seq., against IDJJ (Count V); and retaliation under the State Officials and Employees Ethics Act ("Ethics Act"), 5 ILCS § 430/15-5 against IDJJ (Count VI). Defendants have moved to dismiss the second amended complaint in its entirety.   (Doc. 41). For the reasons stated below, defendants' motion is granted in part and denied in part.

## **BACKGROUND**

Plaintiff alleges that IDJJ hired plaintiff as a Juvenile Justice Specialist in September 2013.   On August 16, 2014, plaintiff allegedly sustained serious injuries to her head, neck, and back in an accident at work.   Plaintiff alleges that she complied with all of Illinois' work accident and injury reporting procedures.    A few days after the accident, on August 26, 2014, plaintiff began working in a light duty position with medical restrictions.   The medical restrictions limited plaintiff's "ability to lift as well as her agility and cognitive ability to deal with increased stress and physical situations," and recommended sedentary activity.   According to plaintiff, defendant removed plaintiff from her light duty position on November 25, 2014. Plaintiff further alleges that defendant terminated her workers' compensation benefits, ceased paying plaintiff's temporary total disability, and refused to pay benefits under the IWCA.

On December 7, 2015, plaintiff returned to work in a light duty position, again with medical restrictions for lifting and physical activity.   The next day, plaintiff allegedly sustained

injuries to her head, neck, and back in another accident at work.   Plaintiff again alleges that she fully complied with Illinois's work accident and injury reporting procedures.   On March 7, 2016, defendant removed plaintiff from her light duty position.   Plaintiff alleges that, in December 2017, defendant again terminated plaintiff's workers' compensation benefits, ceased paying her temporary total disability, and refused to pay benefits under the IWCA.

Plaintiff's complaint lists many communications between plaintiff, her supervisor, and IDJJ's Human Resources department.   Plaintiff further alleges that defendants failed to engage in the ADA's interactive process and failed to return plaintiff to work or reassign her to open positions.

Plaintiff next alleges that in early 2020, she applied for several open positions within IDOC, including two Correctional Counselor positions, a Correctional Lieutenant position, a Correctional Parole Agent, and a Public Service Administrator.   She also allegedly applied for an Assistant Deputy Director position in IDCMS, an Administrative Assistant position in IDOR, a Commerce Commission Police Officer position in ICC, and a Criminal Justice Specialist position in ICJIA.   Plaintiff claims that she met the minimum hiring requirements for all of those positions.

Before filing suit, plaintiff filed two charges with the EEOC, both alleging discrimination based on her disability.   The first charge, filed in March 2020, listed the "State of Illinois Department of Juvenile Justice."   The second charge, filed through counsel in July 2020, listed the "State of Illinois," but plaintiff specifically alleged that her "last position was Juvenile Justice Specialist in the Dept. of Juvenile Justice."   The EEOC charges do not list any other agency. After receiving her right to sue letter, plaintiff timely filed this lawsuit.

3

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Defendants move to dismiss, arguing that: (1) CMS should be dismissed from Counts I and III because plaintiff failed to exhaust administrative remedies against CMS; (2) Count I should be dismissed for failure to state a claim; (3) Count III should be dismissed because plaintiff repackages her discrimination into a retaliation claim; (4) Counts II and IV under the Rehabilitation Act should be dismissed for failure to exhaust administrative remedies and failure to state a claim; and (5) the court lacks jurisdiction for the state law claims in Count V and VI, because they are barred by the State Lawsuit Immunity Act and the Eleventh Amendment. The court will address each argument in turn.

First, defendants claim that CMS should be dismissed from Counts I and III because plaintiff's EEOC charges did not name CMS. As noted above, the first EEOC charge listed the "State of Illinois Department of Juvenile Justice," and the second listed the "State of Illinois," with allegations regarding plaintiff's position within the Department of Juvenile Justice. Plaintiff thus did not identify or name CMS anywhere within the EEOC charge.

4

Plaintiff responds that the State of Illinois is not an independent entity and that in naming the "State of Illinois" plaintiff necessarily named all of its departments and agencies. The court is not convinced. In its earlier order, this court already acknowledged the distinction "between a state and its agencies for ADA, ADEA, and Title VIII purposes." (Doc. 20). And the Seventh Circuit has recently affirmed that, "[i]n suits against state entities that term ['employer'] is understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility," not the "State" itself. DaSilva v. Indiana, 30 F.4th 671, 674 (7th Cir. 2022). The State and its agencies are separate entities, and should be treated as such for this purpose. Plaintiff failed to identify CMS, and nothing in the EEOC charges' factual statements allude or refer to CMS, either directly or indirectly. Nor did the EEOC's right to sue letter mention CMS. Consequently, plaintiff failed to exhaust her administrative remedies against defendant CMS, and CMS is dismissed from Count I and Count III.

Defendants further argue that Count I and Count III should be dismissed for failure to state a claim. Regarding Count I, defendants claim that plaintiff has failed to plausibly allege that she is disabled because her complaint states that she suffered from "moderate" limitations as opposed to those that "substantially limit a major life activity." The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities...; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "In 2008, Congress expanded the definition of 'disability' under the ADA to make clear that 'physical or mental impairment[s] that substantially limit' an individual's ability to lift, stand, or bend are ADA-covered disabilities." Young v. United States Parcel Service, Inc., 575 U.S. 206, 219 (2015) (citing 42 U.S.C. § 12102(1)-(2)).

Plaintiff has alleged that her injuries prevented her from lifting—a disability that is clearly covered by the ADA.   See Gatlin v. Vill. of Summit, 150 F.Supp.3d 984, 991 (N.D. Ill. Dec. 15, 2015) (finding that a plaintiff who was restricted from lifting more than 20 lbs. was disabled under the ADA).   Contrary to defendants' assertion, Plaintiff's complaint need not use the "magic words" of "substantially limits a major life activity" to state a viable ADA claim. See Sitar v. Ind. Dep't of Transp., 344 F.3d 720, 727 (7th Cir. 2003).   Plaintiff has sufficiently alleged that she has a disability.

Regarding Count III, the court agrees with defendants that this count should be dismissed.   The retaliation claim is based on the same alleged conduct as plaintiff's discrimination claim—namely, the failure to hire plaintiff on account of her disability and need for an accommodation, and the failure to place her in a position with the accommodation. Courts within this district have repeatedly cautioned plaintiffs that they "cannot simply repackage [their] failure to accommodate claim as an ADA retaliation claim."   Mehrberg v. Ill. Dep't of Commerce & Economic Opportunity, 2022 WL 19321, at *8 (N.D. Ill. Jan. 3, 2022); see also, Rodrigo v. Carle Found. Hosp., 879 F.3d 236, 243 (7th Cir. 2018) (holding that the plaintiff could not "make an end-run around the 'qualified individual' requirement by simply reframing a discrimination or accommodation claim as one for retaliation"); Koty v. Zaruba, 2017 WL 4150684, at *7, aff'd sub nom. Koty v. DuPage Cty., Ill., 900 F.3d 515 (7th Cir. 2018) ("Courts do not recognize ADA retaliation claims that are simply failure to accommodate claims."); Santos-Means v. Sheriff's Office of Cook County, 2016 WL 6092600, at *8 (N.D. Ill. Oct. 19, 2016) ("But these actions consist of the same alleged failures to accommodate comprising her ADA discrimination claim, and therefore she cannot state a separate claim for

6

retaliation.").   Plaintiff's retaliation claim is nearly identical to her discrimination claim and relies on the same alleged conduct.   Consequently, Count III is dismissed.

Defendants next move to dismiss both Rehabilitation Act counts (Count II alleging discrimination and Count IV alleging retaliation), arguing that plaintiff has failed to exhaust administrative remedies against the state agencies and failed to state a claim.   Counts II and IV are brought against defendants IDOC, IDOR, CMS, ICC, ICJIA, and IDOL.   The court is persuaded by defendants' first argument, that plaintiff failed to exhaust her administrative remedies against these defendants.   The court accordingly declines to address defendants' arguments regarding failure to state a claim.

Claims under the Rehabilitation Act are subject to the same exhaustion requirements as claims brought under Title VII or the ADA.   29 U.S.C. § 794(d); see also, Malone v. Ill. Dep't of Corr., 2009 WL 2982816, at *2 (N.D. Ill. Sept. 14, 2009) ("To maintain a claim under the ADA or the Rehabilitation Act, an employee must first file a charge with the EEOC.") (citing Sitar v. Ind. Dep't of Trans., 344 F.3d 720, 726 (7th Cir. 2003)).   As noted above, plaintiff's EEOC charges listed only the "State of Illinois Department of Juvenile Justice," and the "State of Illinois."   The EEOC charges did not list, identify, or refer to any conduct by IDOC, IDOR, CMS, ICC, ICJIA, or IDOL.   Because plaintiff's EEOC charges did not list any of these state agencies, she has failed to exhaust her administrative remedies against them.   Plaintiff's claims under the Rehabilitation Act (Counts II and IV) are accordingly dismissed.

Finally, defendants argue that the court lacks jurisdiction over Count V (common law retaliation and retaliation under the IWCA) and Count VI (retaliation in violation of the Ethics Act), both brought against IDJJ.   Defendants claim that Count V is barred by sovereign

immunity and the State Lawsuit Immunity Act, and that Count VI is barred by sovereign immunity. Because both counts are state law claims brought against the State of Illinois, the court applies the same analysis to both claims.

The Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, state agency, or state official. See Edwards v. Ill. Dep't of Fin. & Prof'l Regulations, 2014 WL 1258020, at * 7-8 (N.D. Ill. Mar. 27, 2014); Kroll v. Bd. of Trs. of Univ. of Ill., 934 F.2d 904, 907 (7th Cir. 1991) ("a state agency is the state for purposes of the eleventh amendment"). Similarly, under the State Lawsuit Immunity Act, "except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1.

There are, however, two exceptions to sovereign immunity: "(1) when a state unequivocally waives sovereign immunity and consents to suit, and (2) when Congress unequivocally abrogates the state's immunity by invoking its enforcement powers under the fourteenth amendment." Butler v. Ill. Dep't of Transp., 553 F.Supp.2d 821, 826 (N.D. Ill. 2008). Illinois has waived immunity under the Court of Claims act, which provides that "[t]he Court of Claims shall have exclusive jurisdiction to hear and determine all claims against the State founded upon any law of the State of Illinois," including "claims against the State for damages in cases sounding in tort." 705 ILCS 505/8(a). Although the State of Illinois has waived Eleventh Amendment sovereign immunity for actions in tort in the Court of Claims, it has not done so for federal courts. Edwards, 2014 WL 1258020, at *7 (citing Feldman v. Ho, 171 F.3d 494, 498 (7th Cir. 1999)).

Here, the Eleventh Amendment and the State Lawsuit Immunity Act bar plaintiff's retaliation claims in Count V. Plaintiff's claim for retaliation is a tort, and the Court of Claims has exclusive jurisdiction over matters in tort against the State. 705 ILCS 505/8(a); Edwards, 2014 WL 1258020, at *7. Plaintiff appears to concede that IDJJ is entitled to sovereign immunity on her state law claims for damages, but argues that her request for injunctive relief is not barred by the Eleventh Amendment. Plaintiff is incorrect, and "individuals may not sue state agencies for injunctive relief in federal court." Quick v. Ill. Dep't of Fin. & Prof'l Regulation, 468 F.Supp.3d 1001, 1009 (N.D. Ill. June 23, 2020 (collecting cases)). The court consequently lacks jurisdiction over plaintiff's retaliation claims in Count V.

For Count VI, Illinois has waived its sovereign immunity to suits under the Ethics Act only in the circuit courts of Illinois—not in federal court. See 5 ILCS 430/15-25; Titus v. Ill. Dep't of Trans., 828 F.Supp.2d 957, 974 (N.D. Ill. 2011) ("The State of Illinois, however, has not waived its Eleventh Amendment immunity as it relates to the Ethics Act…."). The court thus lacks jurisdiction over plaintiff's claims under the Ethics Act, and Count VI is dismissed.

## <u>CONCLUSION</u>

For these reasons, defendant's motion to dismiss (Doc. 41) is granted in part and denied in part.   Counts II, III, IV, V, and VI are dismissed, as are defendants CMS, IDOC, IDOR, IDCMS, ICC, ICJIA, and IDOL.   Plaintiff is directed to file a third amended complaint conforming to this opinion on or before June 1, 2022.   Defendant is directed to answer the third amended complaint on or before June 24, 2022.   The parties are instructed to file a joint status report using this court's form on or before July 1, 2022.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:     May 18, 2022**

10