IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEMELI T. YOUSIF, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-1302 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| JUVENILE JUSTICE, ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ILLINOIS ) | |
| DEPARTMENT OF REVENUE, ILLINOIS ) | |
| DEPARTMENT OF CENTRAL ) | |
| MANAGEMENT SERVICES, ILLINOIS ) | |
| COMMERCE COMMISSION, ILLINOIS ) | |
| CRIMINAL JUSTICE INFORMATION ) | |
| AUTHORITY, and ILLINOIS ) | |
| DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Semeli T. Yousif brings this six-count second amended complaint against the State of Illinois, Illinois Department of Juvenile Justice ("IDJJ"), Illinois Department of Corrections ("IDOC"), Illinois Department of Revenue ("IDOR"), Illinois Department of Central Management Services ("IDCMS"), Illinois Commerce Commission ("ICC"), Illinois Criminal Justice Information Authority ("ICJIA"), and Illinois Department of Labor ("IDOL") (collectively, "defendants"). Defendants moved to dismiss plaintiff's second amended complaint in its entirety (Doc. 41). On May 18, 2022, the court granted defendants' motion in part and denied it in part (Doc. 51). The court dismissed Counts II, III, IV, V, and VI, in addition to defendants IDOC, IDOR, IDCMS, ICC, ICJIA, and IDOL. Plaintiff moves the court to reconsider and reverse its May 18, 2022, Memorandum Opinion and Order granting in part and

1

denying in part defendant's motion to dismiss plaintiff's second amended complaint. Plaintiff urges the court to reconsider its dismissal of Counts II and IV, which allege disability discrimination and retaliation, respectively, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against defendants IDOC, IDOR, IDCMS, ICC, ICJIA, and IDOL. For the reasons stated below, plaintiff's motion (Doc. 52) is denied.

## BACKGROUND

The details of plaintiff's claims and procedural history of this case have been set out in this court's prior decisions and are accordingly discussed herein only to the extent necessary to explain this court's reasoning. See Yousif v. Illinois Department of Juvenile Justice, 21 C 1302, 2022 WL 1567096 (N.D. Ill. May 18, 2022); Yousif v. State of Illinois, 21 C 1302, 2021 WL 3737680 (N.D. Ill. Aug. 24, 2021). Plaintiff's instant argument is that this court's May 18, 2022, ruling on defendants' motion to dismiss plaintiff's second amended complaint "failed to follow and apply controlling precedent as set forth in Williams v. Milwaukee Health Servs., Inc., 732 F.3d 770, 770–71 (7th Cir. 2013)." Plaintiff cited Williams in her briefs prior to the court's decision to grant defendants' motion to dismiss the second amended complaint in part.

In Williams, the Seventh Circuit determined that "[a] seeker of relief under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides." Plaintiff is concerned that the court "addressed and ruled upon Defendant's argument that Plaintiff was required to exhaust administrative remedies before she can proceed in court on her Section 504 Rehabilitation Act discrimination and retaliation claims (Counts II and IV[ ])." Specifically, the court stated:

> "Defendants next move to dismiss both Rehabilitation Act counts (Count II
> alleging discrimination and Count IV alleging retaliation), arguing that plaintiff
> has failed to exhaust administrative remedies against the state agencies and failed
> to state a claim. Counts II and IV are brought against defendants IDOC, IDOR,

2

> CMS, ICC, ICJIA, and IDOL. The court is persuaded by defendants' first argument, that plaintiff failed to exhaust her administrative remedies against these defendants. The court accordingly declines to address defendants' arguments regarding failure to state a claim.
>
> Claims under the Rehabilitation Act are subject to the same exhaustion requirements as claims brought under Title VII or the ADA. 29 U.S.C. § 794(d); see also, Malone v. Ill. Dep't of Corr., 2009 WL 2982816, at *2 (N.D. Ill. Sept. 14, 2009) ("To maintain a claim under the ADA or the Rehabilitation Act, an employee must first file a charge with the EEOC.") (citing Sitar v. Ind. Dep't of Trans., 344 F.3d 720, 726 (7th Cir. 2003)). As noted above, plaintiff's EEOC charges listed only the "State of Illinois Department of Juvenile Justice," and the "State of Illinois." The EEOC charges did not list, identify, or refer to any conduct by IDOC, IDOR, CMS, ICC, ICJIA, or IDOL. Because plaintiff's EEOC charges did not list any of these state agencies, she has failed to exhaust her administrative remedies against them. Plaintiff's claims under the Rehabilitation Act (Counts II and IV) are accordingly dismissed."

Because plaintiff disagrees with the court's ruling on Counts II and IV and believes that these claims should not be dismissed on the basis of exhaustion, she further argues that the court's reasoning when determining that she stated an actionable disability discrimination claim (Count I) against defendant IDJJ pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, applies equally to her claims pursuant to the Rehabilitation Act (Count II). Plaintiff argues that her Rehabilitation Act claims are based on the same facts against Defendants IDOC, IDOR, IDCMS, ICC, ICJIA, and IDOL, and the ADA and Rehabilitation Act apply the same standards. See 29 U.S.C. § 794(d).

## LEGAL STANDARD

Federal Rule 59(e) allows parties to move the court to alter or amend a judgment. Fed. R. Civ. Pro. 59(e). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015). See also Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021). A district court may amend a judgment under Rule 59(e) only if the movant clearly establishes either: (1) that the court

3

committed a manifest error of law or fact, or (2) that newly discovered evidence precludes entry of judgment. See Murithi v. Glecker, 829 F. App'x 124 (7th Cir. 2020), citing Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). The Seventh Circuit has determined that a "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Further, the Seventh Circuit has stated that newly discovered evidence is grounds for relief under Rule 59 only if the party exercised due diligence in discovering it and, nevertheless, only discovered it post-judgment. See Cincinnati Life Ins. Co., 722 F.3d at 955. Importantly, Rule 59(e) does not allow a party to "rehash[ ] old arguments" Oto, 224 F.3d at 606 or gain "[another] bite at [the] apple" to re-litigate previously considered and dismissed arguments. Chico v. Miller, No. 05 C 3101, 2005 WL 2664586, at *3 (N.D. Ill. Oct. 19, 2005).

## DISCUSSION

While plaintiff urges the court to reconsider and reverse its ruling on defendants' motion to dismiss plaintiff's second amended complaint based on Williams, defendants argue that plaintiff has not established a case to reconsider under Rule 59(e), and regardless, plaintiff's arguments are futile. According to defendants, plaintiff's motion to reconsider merely rehashes previously raised arguments without introducing new evidence or new arguments. In any case, defendants argue that "even if Plaintiff's arguments could fit within the types allowed by Rule 59(e), they are without merit" because Williams is inapplicable. (Internal quotations omitted). Defendants argue that neither Williams nor Cheeny (the case that Williams relies upon, Cheeny v. Highland Community College, 15 F.3d 79 (7th Cir. 1994)) directly address the issue before the court "or otherwise analyze[ ] the applicable provisions of the Code of Federal Regulations."

It is true, as plaintiff says, that in Williams, the Seventh Circuit determined that "[a]

4

seeker of relief under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides." 732 F.3d 770, 770–71 (7th Cir. 2013). To support its reasoning, the court cited Cheeney, as well as Prescott v. Higgins, 538 F.3d 32, 44 (1st Cir. 2008); McGeshick v. Principi, 357 F.3d 1146, 1149 (10th Cir. 2004); and 29 U.S.C. § 794a(a)(2). On the other hand, when this court dismissed plaintiff's claims because it determined that claims under the Rehabilitation Act are subject to the same exhaustion requirements as claims under Title VII and the ADA, it cited 29 U.S.C. § 794(d) and Malone v. Ill. Dep't of Corr., No. 05 C 4309, 2009 WL 2982816, at *2 (N.D. Ill. Sept. 14, 2009). In Malone, the court held that "[t]o maintain a claim under the ADA or the Rehabilitation Act, an employee must first file a charge with the [Equal Employment Opportunity Commission ("EEOC")]." 2009 WL 2982816, at *2. In so holding, the Malone court cited Sitar v. Ind. Dep't of Trans., 344 F.3d 720, 726 (7th Cir. 2003). Id.

First, the court agrees with defendants that plaintiff does not seriously contend that she is using Rule 59(e) to introduce new evidence or new arguments. Plaintiff previously argued that she was not obligated to exhaust administrative remedies before stating a valid claim pursuant to § 504 of the Rehabilitation Act, in her response to defendants' second motion to dismiss. She argued that exhaustion was not required because the defendants under Counts II and IV "are neither federal government agencies nor federal contractors."

Next, the court agrees with defendants that "the Court was fully apprised of Plaintiff's arguments citing Williams in deciding Defendants' Motion to Dismiss," and plaintiff cannot re-litigate previously considered and dismissed arguments. That said, the court also agrees with plaintiff that she raises a proper Rule 59(e) argument based on, according to plaintiff, a manifest legal error. The court accordingly turns to the parties' last remaining argument: whether this

5

court committed a manifest error of law by finding that plaintiff was required to exhaust her administrative remedies before filing her claims.

Plaintiff's argument for a manifest legal error hinges on two points: first, that the court failed to follow and apply controlling precedent in Williams, and second, that the court's reliance on Malone and 29 U.S.C. § 794(d) was misplaced. According to plaintiff, in Malone, Judge Kennelly incorrectly cited Sitar, which did not "address or even involve the same issue at hand." Rather, Sitar involved sex discrimination, harassment, and retaliation claims pursuant to Title VII, 344 F.3d at 722–26, and plaintiff does not dispute that Title VII "unquestionably" requires a plaintiff to first file a charge with the EEOC before filing in court. Further, according to plaintiff, 29 U.S.C. § 794(d) involves "[s]tandards used in determining [a] violation of [the] section," or what a plaintiff "needs to prove to prevail," not exhaustion requirements. Plaintiff argues that "[t]hose are two completely separate subjects, one substantive and the other procedural."

The court does not dispute that plaintiff correctly interprets the Seventh Circuit's holding in Williams, but the court agrees with defendants that plaintiff's reliance on Williams is unavailing.[1] As defendants indicate, the Williams court relied on Cheeny, and Cheeny's holding relies on the district court's assertion that "[f]ederal law does not require that [plaintiffs] exhaust their administrative remedies"—a determination that the Cheeny court makes without any citation to legal authority. This court, having considered plaintiff's arguments (including her citation to Williams), agreed with defendants and continues to find their citations to Malone and

---

[1] The court does not consider plaintiff's citation to Adashunas v. Negley, 626 F.2d 600 (7th Cir. 1980) because this citation was not included in plaintiff's second amended complaint, or plaintiff's response to defendants' second motion to dismiss. As such, considering this citation would be giving plaintiff a "second bite at the apple."

6

§ 794(d), as well as to Sitar by implication, more persuasive.

It is true that Sitar involves Title VII, not the Rehabilitation Act, but as this court indicated in its prior order, "[c]laims under the Rehabilitation Act are subject to the same exhaustion requirements as claims brought under Title VII or the ADA," citing 29 U.S.C. § 794(d). As defendants note, § 794(d) provides:

> "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201–12204 and 12210), as such sections relate to employment."

The court agrees with defendants that § 794(d) "specifically incorporates the provisions of the ADA that relate to exhaustion," including 42 U.S.C. § 12203. Section 12203 prohibits retaliation and provides that "[t]he remedies and procedures available under section[ ] 12117 . . . of this title shall be available to aggrieved persons for violations [of this section] . . . with respect to subchapter I."[2] 29 U.S.C. § 12203(c). Section 12117, which governs the enforcement of both discrimination and retaliation claims in employment cases, provides that:

> "[t]he powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment."

42 U.S.C. § 12117(a). Sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of Title 42 refer to Title VII of the Civil Rights Act of 1964, which plaintiff does not dispute "unquestionably" requires a plaintiff to first file a charge with the EEOC before filing in court.

---

[2] Subchapter I governs equal opportunity for individuals with disabilities in employment.

See also Fort Bend Cnty., Texas v. Davis, 139 S. Ct. 1843, 1846 (2019) (finding that "Title VII directs that a 'charge . . . shall be filed' with the EEOC 'by or on behalf of a person claiming to be aggrieved' within 180 days 'after the alleged unlawful employment practice occur[s]'"), citing 42 U.S.C. § 2000e-5(b), (e)(1).

Thus, the court denies plaintiff's motion to reconsider and reverse its May 18, 2022, order based on Williams. Sitar is no less binding upon this court than Williams, and plaintiff cannot seriously contend that it is "manifest" error for the court to follow one precedential decision over another. Moreover, given that plaintiff briefed the court with the Seventh Circuit's Williams precedent, the court did not fail to recognize it. The Seventh Circuit's recent reasoning in Swain v. Wormuth, 41 F.4th 892 (7th Cir. 2022) underscores this court's decision. In Swain, the court, in a footnote, determined that:

> "[t]he record does not indicate whether [the plaintiff] exhausted administrative remedies—likely a requirement for Rehabilitation Act claims, though our case law has not been clear on the point. Compare Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009) (observing that Rehabilitation Act plaintiffs "can seek relief pursuant to the procedures and requirements outlined in Title VII of the Civil Rights Act, which include exhausting administrative remedies prior to bringing suit."), and Johnson v. Runyon, 47 F.3d 911, 916 n.5 (7th Cir. 1995), with Williams v. Milwaukee Health Servs., Inc., 732 F.3d 770, 770–71 (7th Cir. 2013) ("A seeker of relief under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides.")."

Id. at 896 n. 2. It is not a "manifest" error to apply unclear precedent in a manner that is inconsistent with plaintiff's expectations.

**CONCLUSION**

For the reasons set forth above, the court denies plaintiff's motion (Doc. 52) to reconsider and reverse its May 18, 2022, Memorandum Opinion and Order (Doc. 51).

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE: October 18, 2022**